IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,956




EX PARTE JOSE ANTONIO JIMENEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W00-70595-S IN THE 282ND JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY



 
           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
injury to a child, and was sentenced by the trial court to twenty years’ imprisonment. The Fifth
Court of Appeals affirmed his conviction. Jimenez v. State, No. 05-01-00738-CR (Tex. App. –
Dallas, June 20, 2002, pet. ref’d.) 
            Applicant contends, inter alia, that he was indicted for and pleaded guilty to a third degree
felony. He argues that he should have been sentenced to a maximum of ten years’ imprisonment for
this offense, but that as a result of a misunderstanding about the applicable sentencing range, he
received twenty years’ imprisonment instead. Applicant argues that his sentence is illegal. This
Court dismissed his previous application raising the same claim as a subsequent application barred
by Section 4 of Article 11.07 of the Texas Code of Criminal Procedure, because Applicant had filed
a previous writ of habeas corpus challenging the same conviction, and had not raised this issue in
that writ. 
            This Court has determined that Applicant’s unauthorized sentence of twenty years for a third-degree felony does fall within the exception to the Section 4 bar described within Section 4(a)(2). 
That section permits consideration of a subsequent application if, by a preponderance of the
evidence, but for a violation of the U.S. Constitution, no rational juror could have found the
applicant guilty beyond a reasonable doubt. In this case, but for a denial of due process, no rational
juror could have found Applicant guilty of second degree injury to a child (as opposed to third degree
injury to a child).  
            Accordingly, relief is granted. The sentence in Cause No. W00-70598 in the 282nd Judicial
District Court of Dallas County is set aside, and Applicant is remanded to the trial court for
sentencing in accordance with this opinion.   Copies of this opinion shall be sent to the Texas
Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.
 
Delivered: July 2, 2008
Do Not Publish